## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SERINA RITSCHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-19-1185-SM |
| ANDREW M. SAUL, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Serina Ritschel (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 16, 20.

Plaintiff challenges the ALJ's reliance on the vocational expert's testimony in fashioning the RFC assessment and to conclude Plaintiff could perform three jobs in the national economy. *See* Docs. 21, 26. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court concludes substantial evidence does not support the Commissioner's

decision and reverses and remands for further administrative development. *See* 42 U.S.C. § 405(g).[1]

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

---

[1]   Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination.   Citations to the AR will refer to its original pagination.

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.   Relevant findings.

#### 1.   Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-30; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since February 13, 2017, her application date;

(2)   had severe medically determinable impairments of degenerative disc disease of the cervical spine; status post right shoulder surgery; depression; anxiety; and panic disorder without agoraphobia;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the physical residual functional capacity (RFC)[2] to perform light work as defined in 20 C.F.R. § 416.967(b), in that she can lift/carry up to 10 pounds frequently and 20 pounds occasionally; sit for at least 6 hours during an 8-hour

---

[2]   RFC "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

workday with normal breaks; and stand/walk for at least 6 hours during an 8-hour workday with normal breaks; can frequently climb stairs, and she can balance, stoop, kneel, crouch and crawl; she should avoid overhead work on the right; she can do simple and repetitive tasks; she can interact with supervisors and coworkers only occasionally, and she cannot work with the general public;

(5)    was unable to perform any past relevant work;

(6)    could perform jobs that exist in significant numbers in the national economy, namely small products assembler, electronics assembler, and packer/inspector; and thus

(7)    had not been under a disability since February 13, 2017, the application date.

*See* AR 17-30.

## 2.    Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.    Judicial review of the Commissioner's final decision.

### A.    Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326,

1330 (10th Cir. 2016).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted).  A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record."  *Wall*, 561 F.3d at 1052 (citation omitted).  The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

## B.     Issue for judicial review.

Plaintiff asserts the ALJ failed to resolve the conflict between the Dictionary of Occupational Titles and the vocational expert's testimony.  Doc. 21, at 4-7; Doc 26, at 2.  Because the ALJ neglected to ask the vocational expert of any conflicts between the DICOT, the Selected Characteristics of Occupations, and/or the vocational expert's testimony, substantial evidence cannot support the ALJ's decision.  Doc. 21, at 7.

Upon reaching the fifth step of the sequential evaluation process, the ALJ referred to the Medical-Vocational Guidelines (grids) in determining whether a disability existed.  AR 28-29; *see* 20 C.F.R. Part 404, Subpt. P, App.

2 (1990).  These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. § 416.966(d).  This aids the ALJ in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and RFC.  20 C.F.R. §§ 416.945, 416.963-965.  The ALJ factors these findings of fact into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. § 416.969.  The grids assume that the claimant's sole limitation is lack of strength–an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e)(2).

When a claimant presents evidence of both exertional and nonexertional impairments, the grids are not conclusive but merely form a framework for disability determination.  *Id.*  In that situation, the ALJ must make findings on how much the nonexertional limitation further diminishes a claimant's work ability.  *Id.*  If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely on the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the

claimant is disabled.  *Id.*; *Channel v. Heckler,* 747 F.2d 577, 583 (10th Cir. 1984).

Here, the ALJ found Plaintiff to be an individual closely approaching advanced age when she filed her application.  AR 28.  She has a high school education and can communicate in English.  *Id.*  He found that transferability of skills was not material.  *Id.*

As stated, an ALJ does not automatically apply the grids when a nonexertional impairment is significant and thus interferes with the ability to work.  *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993).  Here, such nonexertional limitations exist, and are significant enough to preclude an automatic application of the grids.  The ALJ thus turned to the vocational expert to determine disability.

He formed a hypothetical and asked the vocational expert whether any jobs remained when he added in nonexertional limitations to "an individual of the same age, education, and vocational history as this claimant . . . who is limited to light work . . . ."  AR 56.  The vocational expert identified three unskilled positions, and identified each as having a light exertional level. *Id.* at 57.  The ALJ based his step-five conclusion on her age, education, work experience, and RFC "in conjunction with" the grids.  *Id.* at 28-29.

7

Plaintiff correctly argues that the ALJ should have asked the vocational expert about any conflict in his testimony with the DICOT. *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005). The Commissioner does not strongly contest Plaintiff's argument she cannot perform the job of small products assembler, because it involves frequent contact with co-workers. Doc. 23, at 10; Doc. 26, at 2.

As to the job of electrical assembler, the SCO lists this job as requiring reaching "[f]requently," meaning that it "[e]xists from 1/3 to 2/3 of the time." U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* 284 & App. C-3 (1993); *see also* DICOT 729.687-010. Social Security Ruling 004-p dictates that "[i]n making disability determinations, we rely primarily on the D[IC]OT (including its companion publication, the SCO) for information about the requirements of work in the national economy." SSR 004-p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

The assembler position the vocational expert identified may require frequent overhead reaching. But the ALJ did not elicit testimony from the expert to resolve the apparent conflict or otherwise offer an explanation of the DICOT/SCO reaching requirements. When the findings of the VE conflict

with the DICOT, "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704, at *4.  When the ALJ fails to elicit such an explanation, the case must be reversed and remanded to allow the ALJ to address the apparent conflict.  *Hackett,* 395 F.3d at 1176.

Even excluding these two positions, that leaves the job of packer/inspector.  DICOT 559.687-014.  At bottom, the Commissioner poses the question about whether Plaintiff could perform that job, and if so, any error is harmless.  *See* Doc. 23, at 9-10.  The Commissioner argues that no apparent conflict between the expert's testimony and the DICOT exists for this job.  *Id.* at 10.  The Commissioner acknowledges this job is sedentary, not light.  *Id.* at 7.  But because light work subsumes sedentary work, Plaintiff can perform this job.  *Id.*; *see* 20 C.F.R. Part 404, Subpt. P, App. 2 § 202.00(a).  And so, any error in the expert's misidentification of the position's title or exertion level is harmless.  Doc. 23, at 7.

Plaintiff argues this job is actually that of an ampoule sealer, and is sedentary, unskilled (SVP 2) work.  Doc. 26, at 3.  Plaintiff argues that, under

the grids, a limitation to sedentary work would mean Plaintiff is disabled and the ALJ's error in relying on the vocational expert's testimony, which conflicted with the DICOT, cannot stand. Doc. 21, at 6 (citing 20 C.F.R. Part 404 Subpt. P, App. 2 § 201.14).

The problem with the Commissioner's argument is the vocational expert identified no *light* work occupation Plaintiff can actually perform. And the vocational expert misidentified the ampoule sealer job as light. Although "[t]he functional capacity to perform a full range of light work includes the functional capacity to [also] perform sedentary" work, the ALJ has identified no light work job Plaintiff can perform. 20 C.F.R. Part 404, Subpt. P, App. 2 § 202.00(a).

No one disputes that under the grids, Plaintiff would be disabled if limited to sedentary work. *Id.* § 201.14. Because the court does not know what facts the ALJ considered (or wrongly considered, based on the expert's incorrect testimony), and because the ALJ did not follow up with the vocational expert to elicit any explanation, substantial evidence does not support the ALJ's decision.

### III.   Conclusion.

Based on the above, the court reverses the Commissioner's decision and remands for further administrative development.

**ENTERED** this 25th day of September, 2020.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE